

# THE ATTORNEY GENERAL
## OF TEXAS

### AUSTIN 11, TEXAS

PRICE DANIEL
ATTORNEY GENERAL

September 20, 1949

Hon. Wm. E. Pool
County Attorney
Winkler County
Kermit, Texas

Opinion No. V-909.

Re: The constitutionality
of S.B. 463, 51st Leg-
islature, relative to
purchase of an airport
in counties having a
6141 to 6150 popula-
tion.

Dear Sir:

Reference is made to your recent request which reads in part as follows:

"The undersigned respectfully requests an opinion from your office as to whether Senate Bill No. 463 (Art. 1581d, R.C.S.) as passed by the 51st Legislature, is void and unconstitutional as a local or special law regulating the affairs of counties, contrary to the provisions of Article 3, Section 56 of our state constitution."

Section 1 of Senate Bill No. 463, Acts of the 51st Legislature, Regular Session, 1949, is as follows:

"Section 1. All counties in this state having a population of not less than six thousand one hundred forty-one (6,141) and not more than six thousand one hundred fifty (6,150) inhabitants according to the last preceding Federal Census, and having an assessed valuation of not less than Twenty-one Million ($21,000,000.00) Dollars according to the last approved tax rolls, are hereby authorized to acquire by purchase or otherwise an airport not to exceed six hundred forty (640) acres in area to be located not more than five (5) miles from the heaviest populated area in the county."

The population of Winkler County is 6,141 according to the last preceding Federal Census and Winkler County's tax valuation is $41,284,474 according to the 1948 tax

rolls. According to the last preceding Federal Census Winkler County is the only county in this State falling within the above classification.

Section 56 of Article III of the Constitution of Texas provides in part as follows:

"The Legislature shall not, except as otherwise provided in this Constitution, pass any local or special laws, . . . regulating the affairs of counties, cities, towns, wards or school districts; . . . creating offices or prescribing the powers and duties of officers, in counties, cities, towns, election or school districts; . . ."

We quote the following from our Opinion No. 0-2221, which opinion was upheld by a Texas Court of Civil Appeals in the case of Oakley v. Kent, 181 S.W.2d 919 (1944):

"A law which applies only to a part of a natural class of persons or things must predicate its inclusion of the part and exclusion of the balance upon characteristics peculiar to the part, which, considering the objects and purposes of the law, afford reasonable ground for restricting the application of the law to the part. Classification must be reasonable and natural, not arbitrary and capricious. Arbitrary designation is not classification. The vice of local or special laws is that they rest on arbitrary designation; that they do not embrace and affect all of the class to which they are naturally related."

In County of Bexar v. Tynan, 128 Tex. 223, 97 S.W.2d 467 (1936), the Supreme Court of Texas announced the following principle which controls the matter herein:

"Notwithstanding it is true that the Legislature may classify counties upon a basis of population for the purpose of fixing compensation of county and precinct officers, yet in doing so the classification must be based upon a real distinction, and must not be arbitrary or a device to give

what is in substance a local or special law the form of a general law."

We quote the following from <u>Oakley v. Kent,</u> supra:

"Point 2 challenges said ruling of the trial court on the ground that the bill is wholly unconstitutional in that Sec. 3 thereof, having reference to the employment and payment of a deputy assessor-collector of taxes, applies only to counties having a population of 140,000 to 220,000 inhabitants, according to the 1940 Federal census, so that all other counties are excluded and Jefferson County only comes within such provision, and so the provision excludes counties of lesser or greater population from employment and paying a deputy assessor-collector of taxes, and for such reasons Sec. 3 is arbitrary and discriminatory and is but a local or special law passed under the guise of a general statute and violates Art. 3, Sec. 56 of the State Constitution, Vernon's Ann. St., forbidding the Legislature to pass any law regulating the affairs of any such county, creating offices or prescribing the power or duties of officers in counties.

"Point 3 challenges the court's action in giving the peremptory instruction and refusing to enjoin the county treasurer and county auditor of Jefferson County from issuing, registering and paying the salary of the purchasing agent for said county according to the provisions of Sec. 4 (a) of said bill, because the bill is unconstitutional in that Sec. 4 (a), having reference to the creation and payment of a county purchasing agent, applies to the 1940 Federal census so that all other counties are excluded and Jefferson County only comes within such provisions and so counties of lesser or greater populations are not permitted to exercise the power of appointing a purchasing agent. That by reason of such situation Sec. 4 (a) is arbitrary and discriminatory and but a local or special law passed under the guise of the general statute and violative of Art.

III, Sec. 56, forbidding the Legislature passing any such law regulating the affairs of any such county, creating offices or prescribing the powers or duties of the officers in counties . . .

"'Because population as a basis for classification has been sustained by the courts in respect to legislation on certain subjects, it has been assumed, erroneously, that population brackets will serve in all instances to avoid the condemnation of the Constitution. This mistaken assumption proceeds from a failure to note that population has been sustained as a basis for classification only in those instances where it bore a reasonable relation to the objects and purposes of the law and was founded upon rational difference in the necessities or conditions of the groups subjected to different laws. Where it has been determined that, considering the objects and purposes of the law, differences in population afford no rational basis for discriminating between groups of the same natural class, classification on the basis of population has been termed arbitrary selection, and the law has been held to be special and local."

We quote the following from Miller v. El Paso County, 136 Tex. 370, 150 S.W.2d 1000 (1941):

"The peculiar limitations employed by the Legislature in this instance to segregate the class to be affected by the legislation not only bears no substantial relation to the objects sought to be accomplished by the Act, but the purported class attemped to be so segregated is, in fact, not a class distinct in any substantial manner from others in this State. There is nothing peculiar about a county having a population of less than 125,000 nor more than 175,000 inhabitants and containing a city with a population of not less than 90,000 inhabitants that marks it a suitable and peculiar field for the expending of public funds for advertising and promoting the growth and development of the county and

its county seat, as distinguished from other counties having substantially the same population or cities of similar size. The slight variation between the population of El Paso County and its principal city and other counties and cities in the State does not distinguish it in any manner that is germane to the purpose of this particular legislation. In other words, whatever difference there is in population does not appear to be material to the objects sought to be accomplished. After having carefully considered the matter, we are convinced that the attempted classification is unreasonable and bears no relation to the objects sought to be accomplished by the Act, and that as a consequence the Act is void."

Since Senate Bill 463 of the 51st Legislature 1949 applies only to Winkler County, it is our opinion, in view of the foregoing authorities that the classification contained in said bill is not based on a real distinction, but is an arbitrary classification and is in substance a local or special law. Therefore, it is our opinion that Senate Bill 463 is unconstitutional.

### SUMMARY

Senate Bill 463, Acts of the 51st Legislature, 1949, applicable only to counties with a population between 6141 and 6150 according to the last census, and affecting only Winkler County, violates Section 56, Article III of the Texas Constitution and is unconstitutional as a local and special law.

Yours very truly,

ATTORNEY GENERAL OF TEXAS

APPROVED

*Price Daniel*
ATTORNEY GENERAL

By *Bruce Allen*

Bruce Allen
Assistant

BA:bh:mw